IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT A. LORBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 10-1101-GMS |
| | ) | |
| FRANCES P. BARTON, GEORGE H. CAVE, | ) | |
| DONALD A. COLVIN, CURTIS J. | ) | |
| CRAWFORD, Ph.D., EMMANUEL T. | ) | |
| HERNANDEZ, PHILIP D. HESTER, KEITH | ) | |
| D. JACKSON, J. DANIEL McCRANIE, | ) | |
| ROBERT MAHONEY, W. JOHN NELSON, | ) | |
| DARYL OSTRANDER, ROBERT H. | ) | |
| SMITH, and ON SEMICONDUCTOR | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL JUDGMENT AND**
<u>**ORDER OF DISMISSAL WITH PREJUDICE**</u>

This matter came before the Court for hearing pursuant to the Order of this Court, dated June 15, 2012 ("Order"), on the application of the Settling Parties (as defined in the Stipulation) for approval of the settlement set forth in the Stipulation of Settlement dated March 2, 2012 (the "Stipulation"). Due and adequate notice having been given to the Current ON Semiconductor Stockholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal with Prejudice (the "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action, including Plaintiff, the Individual Defendants, and ON Semiconductor.

3. The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and the Settlement in all respects, finds that the Settlement provides substantial benefits to ON Semiconductor and its stockholders, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The Court finds that the Summary Notice of Pendency and Proposed Settlement of Derivative Action published in *Investor's Business Daily* and the Notice of Pendency and Proposed Settlement of Derivative Action posted on the website of Levi & Korsinsky LLP provided the best notices practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons

entitled to such notice, and said notices fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23.1, and the requirements of due process.

5. The Action and all claims contained therein, as well as all of the Settled Claims, are dismissed with prejudice. As between Plaintiff, ON Semiconductor, and the Individual Defendants, the Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the entry of the Judgment, Plaintiff, on its own behalf and derivatively on behalf of ON Semiconductor, Plaintiff's Counsel, and ON Semiconductor shall have and by operation of this Judgment shall be deemed to have, with respect to each and every Settled Claim, released and forever discharged, and shall forever be barred and enjoined from initiating, continuing, filing, or otherwise prosecuting, any Settled Claims against any of the Released Persons. Nothing herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment.

7. The Court finds that during the course of the Action, the Settling Parties and their respective counsel, at all times, complied with Rule 11 of the Federal Rules of Civil Procedure.

8. Plaintiff's Counsel is hereby awarded $400,000 for attorneys' fees and the reimbursement of expenses. Plaintiff is hereby awarded a special award in the amount of $2,000.

9. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Settled Claim, or of any wrongdoing or liability of the Defendants or the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any proceeding of any nature. ON

Semiconductor, any of the Individual Defendants, or any Released Person may file the Stipulation and/or the Judgment in any action that has been or may be brought against him, her, or it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if any condition set forth in Section 4.1 of the Stipulation fails to occur.

11. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: August 27, 2012

THE HONORABLE MARY PAT THYNGE
UNITED STATES MAGISTRATE